| | |
|---|---|
| Theodore Edelman (*pro hac vice*) <br> Jessica M. Klein (*pro hac vice*) <br> Lauren M. Goldsmith (*pro hac vice*) <br> Mark A. Makar (N.J. Bar No. 244882017) <br> SULLIVAN & CROMWELL LLP <br> 125 Broad Street <br> New York, New York  10004 <br> Telephone:  212-558-4000 | VINITA B. ANDRAPALLIYAL <br> United States Department of Justice <br> Civil Division <br> Federal Programs Branch <br> P.O. Box 868, Ben Franklin Station <br> Washington, D.C. 20044 <br> Telephone:  202-305-0845 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLISON DAWN BLIXT and <br> L. Z.-B., <br><br> Plaintiffs, <br><br> v. <br><br> The UNITED STATES DEPARTMENT OF STATE and MICHAEL R. POMPEO in his official capacity as Secretary, U.S. Department of State, <br><br> Defendants. | Civ. No. 2:20-cv-02102-KM-JBC <br><br> Hon. Kevin McNulty <br><br> **STIPULATION OF AGREED FACTS RELATING TO CLAIM PURSUANT TO 8 U.S.C. § 1503(a)** |

Plaintiffs, Allison Dawn Blixt ("Allison") and L. Z.-B., by and through his guardian *ad litem*, Stefania Zaccari ("Stefania"; collectively, "Plaintiffs"), and Defendants, The United States Department of State ("State Department") and the Honorable Michael R. Pompeo, in his official capacity as Secretary of State (together, "Defendants"; jointly, with Plaintiffs, "the Parties"), hereby respectfully submit the following *Stipulation of Agreed Facts Relating to Claim Pursuant to 8 U.S.C. § 1503(a)* ("Stipulation"):

WHEREAS, the Parties will jointly propose to the Court that it would promote the orderly and efficient resolution of the above-captioned action ("Action") for the Court to adjudicate in the first instance Plaintiffs' claim under 8 U.S.C. § 1503(a) ("Section 1503(a)") and defer ruling on Plaintiffs' constitutional claims pending the Court's adjudication of the Section 1503(a) claim;

WHEREAS, the Parties agree that the Stipulation, if approved by the Court, would assist in the orderly and efficient resolution of the Section 1503(a) claim.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to the Court's approval, to the following facts:

**THE ZACCARI-BLIXT FAMILY**

1. Allison was born in Park Ridge, Illinois, in 1978.
2. Allison is a United States citizen.
3. Allison attended Vassar College in Poughkeepsie, New York, from 1996 until 2000.
4. From 2000 to 2001, Allison resided in New York State.
5. From 2002 to 2005, Allison lived in North Carolina, where she attended law school at the University of North Carolina.
6. After receiving her law degree in 2005, Allison moved to New York City to work as an associate at a law firm.

7. Allison lived in the United States continuously from the time of her birth in 1978 to 2008, as well as during other periods.

8. Stefania was born in Ferentino, Italy, in 1974.

9. Stefania is an Italian citizen.

10. Allison and Stefania entered into a civil partnership in London, England, on July 9, 2009.

11. On January 3, 2015, following the recognition of marriage for same-sex couples in England, Allison and Stefania's civil partnership was converted retroactively to a marriage.

12. Allison and Stefania's marriage certificate states that their marriage was "converted from a civil partnership on Third January 2015" and "is to be treated as having subsisted since the date . . . on which the civil partnership was formed."

13. Allison and Stefania have been married since July 9, 2009.

14. In 2014, through use of Assisted Reproductive Technology ("ART"), Stefania became pregnant with L. Z.-B. using her own egg and sperm from an unknown donor obtained from a sperm bank.

15. Allison's genetic material was not used to conceive L. Z.-B.

16. Stefania carried L. Z.-B. to term.

17. In early 2015, L. Z.-B. was born in London, England.

18. Allison and Stefania registered L. Z.-B.'s birth with the Lambeth Register Office, which issued L. Z.-B. a birth certificate on February 27, 2015, pursuant to the Births and Deaths Registration Act of 1953.

19. Allison and Stefania are the parents identified on L. Z.-B.'s birth certificate.

20. L. Z.-B.'s birth certificate does not identify any parent of L. Z.-B. other than Allison and Stefania.

21. Allison and Stefania were married to each other when L. Z.-B. was born.

22. In 2016, through the use of ART, Allison became pregnant with her and Stefania's second child, M. Z.-B., using Allison's egg and sperm from the same unknown donor whose sperm had been used to conceive L. Z.-B.

23. Stefania's genetic material was not used to conceive M. Z.-B.

24. Allison carried M. Z.-B. to term.

25. M. Z.-B. was born in early 2017 in London, England.

26. Allison and Stefania registered M. Z.-B.'s birth with the Lambeth Register Office, which issued M. Z.-B. a birth certificate on April 5, 2017, pursuant to the Births and Deaths Registration Act of 1953.

27. Allison and Stefania are the parents identified on M. Z.-B.'s birth certificate.

28. M. Z.-B.'s birth certificate does not identify any parent of M. Z.-B. other than Allison and Stefania.

29. Allison and Stefania were married to each other when M. Z.-B. was born.

30. Allison and Stefania are L. Z.-B. and M. Z.-B.'s only legal parents.

31. Allison and Stefania have been L. Z.-B. and M. Z.-B.'s legal parents from the time of L. Z.-B.'s and M. Z.-B.'s respective births.

32. Allison and Stefania have raised L. Z.-B. and M. Z.-B. since L. Z.-B. and M. Z.-B. were born.

**THE STATE DEPARTMENT'S INTERPRETATION OF THE IMMIGRATION AND NATIONALITY ACT IS MEMORIALIZED IN THE FOREIGN AFFAIRS MANUAL**

33. A Consular Report of Birth Abroad ("CRBA") confirms that the person to whom the document was issued is a U.S. citizen at birth.

34. In adjudicating an application for issuance of a CRBA, State Department personnel, including embassy and consular officials, rely on the State Department's *Foreign Affairs Manual* ("FAM"), which, among other things, memorializes the State Department's interpretation of the Immigration and Nationality Act ("INA").

35. The FAM is an internal, publicly available State Department document.

36. The FAM is not subject to notice-and-comment rule-making.

37. The FAM is not subject to Congressional approval.

38. The FAM does not have the force of law.

39. The State Department expects embassy and consular officials to follow State Department policies and FAM guidance issued by the State Department regarding CRBA applications submitted on behalf of children born through the use of ART.

40. In the FAM, the State Department defines birth "in wedlock" for purposes of Section 301 of the INA, 8 U.S.C. § 1401 ("Section 301") as only "birth during the marriage of [a child's] biological parents to each other." 8 FAM § 304.1-2(a).

41. In 2012, the State Department considered changing its policy in regard to children born abroad through ART.

42. On February 13, 2012, Assistant Secretary for Consular Affairs Janice L. Jacobs authored a memorandum entitled "Assisted Reproductive Technology (ART), Citizenship and Visa Law" ("2012 Memorandum").

43. The 2012 Memorandum stated that the State Department's Bureau of Consular Affairs was "studying whether we can interpret the INA to allow U.S. citizen parents to transmit U.S. citizenship to their children born abroad through [ART] in a broader range of circumstances," and was "considering how this would impact children born through [ART] overseas to same-sex couples."

44. In 2014, the State Department issued new policy guidance under which Defendants consider gestation to be a form of biological relationship between mother and child.

45. After the 2014 policy change, a gestational and legal mother may be deemed to have a biological relationship with a child even in situations where the gestational mother did not contribute genetic material to the child.

46. The State Department's interpretation of Section 301 as requiring a genetic or gestational relationship between a U.S. citizen parent and a child is memorialized in 8 FAM §§ 304.1-2, 304.3.

47. The 2014 policy change with respect to gestational mothers is set forth in 8 FAM § 304.3-1(a) and 8 FAM § 304.3-1(b).

48. Under 8 FAM 304.3-1(a): "A child born abroad to a U.S. citizen gestational mother who is the legal parent of the child at the time of birth in the location of birth, whose genetic parents are an anonymous egg donor and the U.S. citizen husband of the gestational legal mother, is considered for citizenship purposes to be a person born in wedlock of two U.S. citizens, with a citizenship claim adjudicated under INA 301(c)."

49. Under 8 FAM § 304.3-1(b): "A child born abroad to a U.S. citizen gestational mother who is the legal parent of the child at the time of birth in the location of birth, whose genetic parents are an anonymous sperm donor and the U.S. citizen wife of the gestational legal mother, is considered for citizenship purposes to be a person born in wedlock of two U.S. citizens, with a citizenship claim adjudicated under INA 301(c)."

50. Prior to 2014, the State Department did not treat a gestational and legal mother as a biological mother if she did not have a genetic relationship with the child.

51. The 2014 change did not result from an amendment of the INA.

**L. Z.-B.'S CRBA AND U.S. PASSPORT APPLICATIONS**

52. In 2015, Allison, Stefania, and L. Z.-B. appeared in person at the U.S. Embassy in London ("Embassy") to apply for a CRBA and U.S. passport for L. Z.-B.

53. During their visit to the Embassy in 2015, Allison and Stefania withdrew L. Z.-B.'s passport application and were refunded the passport application fee.

54. By letter dated March 11, 2015, on Embassy letterhead, the State Department informed Allison and Stefania that L. Z.-B. "does not . . . ha[ve] a claim to U.S. citizenship."

55. Allison and Stefania returned to the Embassy a second time, on May 23, 2017, to submit CRBA applications for both L. Z.-B. and M. Z.-B.

56. During their visit to the Embassy on May 23, 2017, Allison and Stefania provided the Embassy with the requisite documentation for L. Z.-B.'s and M. Z.-B.'s applications, including L. Z.-B.'s and M. Z.-B.'s birth certificates, which identified Allison and Stefania as L. Z.-B. and M. Z.-B.'s parents, evidence of Allison's U.S. citizenship and periods of residency, and Allison and Stefania's marriage certificate.

57. The documentation Allison submitted to the State Department in May 2017 in connection with L. Z.-B.'s and M. Z.-B.'s CRBA applications was sufficient to demonstrate that Allison is a U.S. citizen and that she had been physically present in the United States for at least five years, at least two of which were after the age of fourteen, and which were prior to L. Z.-B.'s and M. Z.-B.'s respective births.

58. In May 2017, in the course of adjudicating L. Z.-B.'s and M. Z.-B.'s CRBA applications, the State Department accepted Allison's documentation as sufficient proof of her U.S. citizenship and determined that she had been physically

present in the United States for at least five years, at least two of which were after the age of fourteen, and which were prior to L. Z.-B.'s birth.

59. The documentation Allison and Stefania submitted to the State Department in May 2017 in connection with L. Z.-B.'s and M. Z.-B.'s CRBA applications was sufficient to demonstrate that Allison and Stefania were married at the time of L. Z.-B.'s and M. Z.-B.'s respective births.

60. In May 2017, in the course of adjudicating L. Z.-B.'s and M. Z.-B.'s CRBA applications, the State Department accepted Allison and Stefania's marriage certificate as sufficient proof that they were married at the time of L. Z.-B.'s and M. Z.-B.'s respective births.

61. In May 2017, Allison presented the Embassy with an English birth certificate identifying Allison and Stefania, and only Allison and Stefania, as M. Z.-B. and L. Z.-B.'s parents.

62. The documentation Allison and Stefania submitted to the Embassy in May 2017 in connection with L. Z.-B.'s and M. Z.-B.'s CRBA applications was sufficient to demonstrate that Allison and Stefania are L. Z.-B. and M. Z.-B.'s legal parents under U.K. law.

63. In May 2017, in the course of adjudicating L. Z.-B.'s and M. Z.-B.'s CRBA applications, the State Department accepted L. Z.-B.'s and M. Z.-B.'s birth certificates as sufficient proof that Allison and Stefania are L. Z.-B. and M. Z.-B.'s legal parents.

64. On May 23, 2017, an Embassy official interviewed the Zaccari-Blixt family and adjudicated L. Z.-B.'s and M. Z.-B.'s CRBA applications.

65. Embassy officials had the authority to make the final decision as to whether to grant or deny the CRBA applications for L. Z.-B. and M. Z.-B.

66. In May 2017, when adjudicating L. Z.-B.'s and M. Z.-B.'s CRBA applications, the Embassy followed the State Department's guidance contained in the FAM.

67. In May 2017, in adjudicating L. Z.-B.'s and M. Z.-B.'s CRBA applications, among other adjudicatory tools and references distributed to the Embassy by the State Department, Embassy officials relied on the FAM guidance on applications submitted on behalf of children born by means of ART.

68. In May 2017, in adjudicating L. Z.-B.'s 2017 CRBA application, the State Department determined that he could not acquire citizenship under Section 301 because his biological parents were not married to each other at the time of his birth.

69. The Embassy granted M. Z.-B.'s CRBA application and mailed to Allison M. Z.-B.'s CRBA on June 14, 2017.

70. By letter dated June 14, 2017, which accompanied M. Z.-B.'s CRBA, the Embassy informed Allison that "[f]urther correspondence w[ould] be sent to [her] shortly regarding [L. Z.-B.'s] application."

71. By letter dated May 24, 2017, on Embassy letterhead, Embassy official John S. Morgan informed Allison that L. Z.-B.'s CRBA application had been denied.

72. The May 24, 2017 letter confirmed that the State Department determined that L. Z.-B. could not acquire citizenship under Section 301 because his biological parents were not married to each other at the time of his birth.

73. The May 24, 2017 letter stated, in relevant part: "It has been determined that there is not a biological relationship be [sic] established between the U.S. citizen mother and child, through either a genetic parental relationship or a gestational relationship, as required under the provisions of section 309(c) of the Immigration and Nationality Act. Therefore, your application is denied."

74. The sole reason for the State Department's denial of L. Z.-B.'s CRBA application in 2017 was that he did not establish a biological or gestational relationship to his U.S. citizen parent, Allison.

75. On September 5, 2017, Allison and L. Z.-B. submitted a letter to the Embassy, by and through their counsel, requesting reconsideration of the Embassy's decision to deny L. Z.-B.'s CRBA application.

76. The Embassy responded, in a letter dated November 7, 2017, that the State Department had "affirm[ed] that [L. Z.-B.] did not acquire U.S. citizenship at birth, and therefore [the Embassy was] unable to issue him a CRBA."

77. The November 7, 2017 letter contained no further explanation or analysis.

78. There were no further steps that Allison and L. Z.-B. were required to take, or could have taken, to seek further review from the State Department of L. Z.-B.'s 2017 CRBA application.

**RELEVANT PROCEDURAL HISTORY OF THE ACTION**

79. On January 22, 2018, Plaintiffs filed in the United States District Court for the District of Columbia the Complaint against the State Department and the Secretary of State alleging violations of the Fifth Amendment of the U.S. Constitution and the Administrative Procedure Act, 5 U.S.C. § 702.

80. In late 2019, when L. Z.-B. was almost five-years-old, Allison, Stefania, L. Z.-B., and M. Z.-B. relocated from London, England, to the United States.

81. Allison, Stefania, L. Z.-B., and M. Z.-B. now reside in Essex County, New Jersey.

Dated:  September 4, 2020              Respectfully Submitted,

/s/ *Theodore Edelman*
Theodore Edelman (*pro hac vice*)
Jessica M. Klein (*pro hac vice*)
Lauren M. Goldsmith (*pro hac vice*)
Mark A. Makar (N.J. Bar No. 244882017)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000

Elizabeth A. Cassady (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue N.W.
Washington, D.C.  20006
Telephone:  202-956-6980

Aaron C. Morris (*pro hac vice*)
IMMIGRATION EQUALITY
40 Exchange Place, Suite 1300
New York, New York  10005
Telephone:  212-714-2904

*Attorneys for Plaintiffs*

Dated:  September 4, 2020

ETHAN P. DAVIS
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

By:  /s/ *Vinita B. Andrapalliyal*
VINITA B. ANDRAPALLIYAL
Trial Attorney
Unites States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel:  (202) 305-0845
Fax:  (202) 616-8470
Email:  Vinita.b.andrapalliyal@usdoj.gov

*Attorneys for Defendants*