## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLISON DAWN BLIXT and L. Z.-B. : <br> : <br>              Plaintiffs, : <br> : <br> v. : <br> : <br> The UNITED STATES DEPARTMENT : <br> OF STATE and ANTONY J. BLINKEN in : <br> his official capacity as Secretary, U.S. : <br> Department of State : <br> : <br>              Defendants. : <br> : | Civ. No. 1:20-cv-02102-KM-JBC |

## DEFENDANTS' NOTICE OF MOTION AND
## MOTION FOR 14-DAY EXTENSION OF CASE DEADLINES

Defendants U.S. Department of State and Antony J. Blinken, in his official capacity as Secretary of the U.S. Department of State, respectfully request a 14-day extension of case deadlines and hereby state the following:

1. The parties' reply briefs in support of their motions for partial summary judgment are currently due on or before May 7, 2021. Order, ECF No. 75. A status conference is currently scheduled for May 11, 2021. Letter Order, ECF No. 76.

2. Defendants previously requested and received a 30-day extension of time in connection with the parties' partial summary-judgment briefing schedule to allow the new presidential administration time to become familiar with the issues in this case. ECF Nos. 71, 72. Defendants also requested and received a further 60-day extension of case deadlines in light of the Department of State's subsequent, active review of its policies regarding the administration of the at-birth citizenship statutes for children born abroad in light of the new administration's priorities, that outcome

of which could obviate the need for further litigation or otherwise impact further proceedings.[1] ECF Nos. 73, 75.

3.  The Department's active policy review is in its final stages at the senior levels of the Department. The Department expects the review to be completed and any accompanying policy changes to be adopted shortly and reiterate that any forthcoming policy changes could obviate the need for further litigation.

4.  Given the strong interest in judicial economy and preserving both the Court's and the parties' scarce resources, and in the potential avoidance of complex questions of statutory and constitutional law, Defendants request a further 14-day extension of case deadlines for the State Department to complete its review process and adopt any changes to its current, relevant policies.

5.  In the absence of an extension, the State Department would have to litigate over its current policies and statutory interpretations while potentially finalizing changes to those policies. Moreover, the Court may then be asked to issue an opinion over a policy that may be subject to change. In this scenario, the State Department would expend unnecessary resources and would be hindered its ability to expeditiously complete its policy review and adopt any attendant changes.

6.  Defendants do not request this extension for the purpose of undue delay, and submit that the revised schedule should not prejudice the conduct of the litigation or the plaintiff. It is likely that policy deliberations will conclude more quickly than any

---

[1] As previously explained, ECF No. 73, the Department denied the Consular Report of Birth Abroad for plaintiff L. Z.-B. under its current statutory interpretation and supporting policies regarding at-birth citizenship; therefore, the policies under review are the subject of this lawsuit and the parties' cross-motions for partial summary judgment.

final resolution of this lawsuit and, in any event, could avoid the need for judicial review of the significant and complex statutory and constitutional issues presented by this case. *Cf. Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 660 (W.D. Va. 2019) (concluding that a stay was warranted under the "principles of constitutional avoidance and judicial restraint" due to pending legislative action that could resolve the case). Moreover, because Plaintiffs currently reside in the United States and minor L. Z.-B. is a legal permanent resident, *see* ECF No. 47, Plaintiffs face no apparent "direct and immediate" harm that would arise from allowing the State Department's policy process to come to a conclusion. *Amenuvor v. Mazurkiewicz*, 494 F. App'x 198, 200 (3d Cir. 2012).

7.  Good cause, therefore, exists for Defendants' request. Accordingly, Defendants request that this Court enter a 14-day extension of the case deadlines.

8.  Defendants have conferred with Plaintiffs before filing this motion. Plaintiffs have informed Defendants that Plaintiffs take no position with respect to this motion and will file a separate submission with the Court.

Dated: May 6, 2021

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

/s/ *Vinita B. Andrapalliyal*
Vinita B. Andrapalliyal
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883

Washington,  DC 20044
Tel: (202) 305-0845
vinita.b.andrapalliyal@usdoj.gov