## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLISON DAWN BLIXT and<br>L. Z.-B., | : | |
| | : | |
| Plaintiffs, | : | |
| -against- | : | Civ. No. 2:20-cv-02102-KM-JBC |
| | : | |
| THE UNITED STATES | : | Hon. Kevin McNulty |
| DEPARTMENT OF STATE and THE | : | |
| HONORABLE REX W. TILLERSON, | : | |
| Secretary of State, | : | |
| | : | |
| Defendants.[1] | : | |
| | : | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR FURTHER EXTENSION OF CASE DEADLINES

Theodore Edelman (*pro hac vice*)
Jessica M. Klein (*pro hac vice*)
Lauren M. Goldsmith (*pro hac vice*)
Mark A. Makar
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  212-558-4000

Elizabeth A. Cassady (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006
Telephone:  202-956-6980

Aaron C. Morris (*pro hac vice*)
IMMIGRATION EQUALITY
40 Exchange Place, Suite 1300
New York, New York  10005
Telephone:  212-714-2904

*Attorneys for Plaintiffs*

---

[1]     Antony J. Blinken was confirmed as United States Secretary of State on January 26, 2021; and, pursuant to Federal Rule of Civil Procedure 25(d), has been "automatically substituted" in his official capacity for his predecessor.

Plaintiffs, Allison Dawn Blixt and her son L. Z.-B., by and through his court-appointed guardian *ad litem*, Stefania Zaccari, ("Plaintiffs") respectfully submit the following response to *Defendants' Notice of Motion and Motion for 14-Day Extension of Case Deadlines* filed in the above-captioned action ("Action") by defendants The United States Department of State and The Honorable Antony J. Blinken, in his capacity as Secretary of State (collectively, "Defendants" and together with Plaintiffs, the "Parties").  (ECF No. 77 ("Motion" or "Mot.").)

This is far from the first such application by Defendants in the course of this three-year litigation challenging the application to Plaintiffs of Defendants' internal policy requiring that an individual seeking recognition of United States citizenship at birth under Section 301(g) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1401(g), must demonstrate a biological relationship with a U.S. citizen parent; nor is this the only eleventh-hour extension request by Defendants. Indeed, in the late afternoon of Thursday, March 4, 2021, Defendants filed a motion ("March Motion") to extend by 60 days the Monday, March 8, 2021 deadline for filing reply briefs in support of the pending cross-motions for summary judgment on Plaintiffs' claims under 8 U.S.C. § 1503(a).  (ECF No. 73.)  The March Motion also requested an adjournment of a case management conference in the Action scheduled for March 31, 2021.

The March Motion acknowledged that Defendants previously had sought and obtained a 30-day extension of the reply briefs deadline "to allow the new presidential administration time to become familiar with the issues in this case. ECF Nos. 71, 72." (March Motion at ¶ 2.) The March Motion explained that "the Department of State is currently actively reviewing its policies regarding the administration of the at-birth citizenship statutes for children born abroad in light of the new administration's priorities." (*Id.* at ¶ 3.) That motion added that "[t]he ongoing review could obviate the need for further litigation or otherwise impact further proceedings." (*Id.*) Defendants accordingly proposed that the Parties file a joint status report within the requested 60-day deadline "to update the Court." (*Id.* at ¶ 9.) The March Motion did not indicate that the extension request was but an interim request to permit Defendants to engage in a policy-making process at their convenience, without having to litigate this Action on the schedule previously agreed to by the Parties and ordered by the Court.

Given the open-ended nature of the March Motion's request and Defendants' failure to provide any information from which it could be concluded that their policy reconsideration likely would facilitate the orderly and expeditious resolution of the Action, Plaintiffs opposed that motion. (ECF No. 74.) The Court granted the March Motion by Text Order dated March 8, 2021, but directed that "[a]bsent further order of the Court, the extension will not end in a conference, but

in compliance with the deadlines as extended." (ECF No. 75.) The Court subsequently adjourned the March 31, 2021 status conference to May 11, 2021. (ECF No. 76.)

Plaintiffs heard nothing further from Defendants regarding their policy reconsideration or the proposed schedule for the Action until yesterday after 9:00 p.m. Eastern time, when Defendants informed Plaintiffs by e-mail that Defendants' policy review was still on-going and that Defendants would seek a further 14-day extension of the case deadlines in the Action. Defendants' e-mail did not provide any details of any proposed policy modification or any explanation of how that modification likely would affect the resolution of Plaintiffs' claims in the Action. Nor did further discussion with Defendants' counsel provide additional clarity.

What is clear is that Defendants seek a further 14-day extension to continue their policy review; and that Defendants intend to inform the Court by the end of that period (or such further expanded period as Defendants secure) whether, and presumably in what respects, they have changed the relevant policy. Defendants have declined to provide any information regarding the substance of the proposed amended policy, its scope, or its applicability to Plaintiffs and their claims in the Action. Defendants also have not committed that this requested extension will be their last. It is also apparent from this course of dealing that Defendants seek to

-3-

conduct their policy review at their own pace, and without any deference to the deadlines imposed by the Court in this Action or any consideration for the resulting impact of delays on Plaintiffs and their family situation.

As Plaintiffs indicated in their opposition to the March Motion, they remain committed to assisting in the conservation of the Court's resources and to accommodating an orderly and efficient resolution of the Action.  (ECF No. 74 at 2.)  In view of the wholesale absence of disclosure of any aspects of Defendants' proposed policy change or its likely impact on the Action or Plaintiffs' claims, however, Plaintiffs believe that they are unable to take a position with respect to Defendants' new extension request.  Accordingly, Plaintiffs remain ready to file their reply brief on May 7, 2021, as previously ordered by the Court.  If, however, the Court grants Defendants' current motion, Plaintiffs respectfully request that the Court schedule at the conclusion of the extended period or such other time as is

convenient for the Court a conference with the Parties to discuss the substance and
future conduct of the Action.


Dated:  May 6, 2021                              Respectfully Submitted,

                                                 /s/ *Theodore Edelman*
                                                 Theodore Edelman (*pro hac vice*)
                                                 Jessica M. Klein (*pro hac vice*)
                                                 Lauren M. Goldsmith (*pro hac vice*)
                                                 Mark A. Makar
                                                 SULLIVAN & CROMWELL LLP
                                                 125 Broad Street
                                                 New York, New York  10004
                                                 Telephone:  212-558-4000

                                                 Elizabeth A. Cassady (*pro hac vice*)
                                                 SULLIVAN & CROMWELL LLP
                                                 1700 New York Avenue N.W.
                                                 Washington, D.C.  20006
                                                 Telephone:  202-956-6980

                                                 Aaron C. Morris (*pro hac vice*)
                                                 IMMIGRATION EQUALITY
                                                 40 Exchange Place, Suite 1300
                                                 New York, New York  10005
                                                 Telephone:  212-714-2904

                                                 *Attorneys for Plaintiffs*